UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
ANGELA CONSTANTINE             :      Civ. No. 3:21CV01153(SALM)
                               :
v.                             :
                               :
INTEGRITY MERCHANT             :
SOLUTIONS, LLC                 :      July 27, 2022
                               :
-------------------------------x
```

## RULING ON MOTION TO DISMISS

Plaintiff Angela Constantine ("plaintiff") originally brought this action in Connecticut Superior Court against defendant Integrity Merchant Solutions, LLC ("defendant") asserting two claims: (1) pregnancy discrimination in violation of Connecticut state law; and (2) interference with the Families First Coronavirus Response Act ("FFCRA") in violation of 20 U.S.C. §2615. See Doc. #1 at 7-18. Defendant removed the case to the United States District Court for the District of Connecticut and thereafter filed a motion to dismiss plaintiff's FFCRA interference claim. See Docs. #1, #15.

In response to defendant's initial motion to dismiss, plaintiff, with permission of the Court, filed an Amended Complaint. See Docs. #26, #27. The Amended Complaint asserts two counts: (1) pregnancy discrimination in violation of Connecticut state law; and (2) interference with the Families First Coronavirus Response Act ("FFCRA") in violation of 29 U.S.C.

§215(a)(3). See Doc. #27. Defendant has filed a motion to dismiss the second count of plaintiff's Amended Complaint, and a supporting memorandum. See Docs. #31, #32. Plaintiff has filed an objection to defendant's motion to dismiss. See Doc. #33.

For the reasons stated below, defendant's Motion to Dismiss [**Doc. #31**] is **DENIED**.

I.  **FACTUAL BACKGROUND**

For purposes of deciding the motion to dismiss, the Court presumes the following factual allegations from the Amended Complaint [Doc. #27] to be true.

Plaintiff began her employment with defendant "in or about November of 2018 as a Director of Client relations." Id. at 1, ¶4. Plaintiff's responsibilities in that role, including the preparation and allocation of estimated tax payments (among many other financial-related duties), "were essential to Defendant's operation." Id. at 2-3, ¶¶5-6.

Plaintiff first advised defendant of her pregnancy "[i]n or about September 2019[.]" Id. at 2, ¶7. At that time, she notified defendant of her anticipated March 2020 due date and "her intention to take pregnancy leave following delivery." Id. Plaintiff began her pregnancy leave "on or about March 10, 2020, with an anticipated return to work date of June 3, 2020." Id. at 2, ¶9.

During her leave, "following the outbreak of the global COVID-19 pandemic," plaintiff emailed defendant "[o]n or about May 11, 2020, ... to confirm her anticipated return date of June 3, 2020." Doc. #27 at 2-3, ¶10. In this communication, plaintiff also advised defendant that, because of the pandemic, she "was experiencing difficulty in procuring childcare, and inquired whether employees" would continue to work from home. Id. at 3, ¶10. "Defendant's CFO, Kathleen McGrail" responded on May 14, 2020, and confirmed plaintiff's return date of June 3, 2020. Id. at 3, ¶11. In this same correspondence, McGrail told plaintiff that the "office would be reopening on June 15, 2020," and plaintiff "should extend her leave through that date, as commencing a work-from-home routine" in the interim "did not 'make much sense.'" Id.

Plaintiff replied to this correspondence and "notified Defendant of the recently-passed [FFCRA], and conveyed that the law 'provides that employees of covered employers are eligible for paid sick/expanded family and medical leave because of a need to care for a child whose child care provider is closed or unavailable for reasons related to COVID-19.'" Id. at 3, ¶12. As an alternative to leave, plaintiff requested permission to work from home. See id. at 3, ¶13. However, if defendant did not allow plaintiff to work from home, "[p]laintiff conveyed that she 'would like to pursue the [FFCRA] which entitles [her to]

~ 3 ~

extended paid leave.'" Doc. #27 at 3, ¶13. Defendant denied plaintiff's request to work from home, and requested that plaintiff clarify whether childcare was "unavailable related to Covid-19[.]" Id. at 3, ¶14.[1] In response, plaintiff informed defendant that "'many daycare centers are currently closed and have been closed since my daughter was born. Home daycare options are on hold/unavailable. We have not been able to meet with or explore any potential childcare options due to this pandemic.'" Id. at 4, ¶16. Defendant thereafter sent plaintiff an application for FFCRA leave, and requested more detailed information about the unavailability of childcare. See id. at 4, ¶17.

Plaintiff "promptly completed and returned the form," and provided additional information about the unavailability of childcare. See id. at 4, ¶18. On June 1, 2020, defendant approved plaintiff's request for FFCRA leave. See id. at 4, ¶19.

"[O]n or about June 17, 2020," defendant informed plaintiff that it was terminating her employment effective August 24, 2020, because her position had been eliminated. See id. at 5, ¶20. "Upon information and belief[,]" plaintiff was the only

---

[1] At some point in the course of these communications, plaintiff alleges that "[o]n or about May 14, 2020," defendant announced: "After much consideration and review, we have determined that the IMS home office will reopen on Monday, June 15, 2020." Doc. #27 at 3-4, ¶14.

employee terminated by defendant at that time, although "other less-critical administrative employees who had not taken either pregnancy-related leave or leave under the FFCRA were not eliminated." Doc. #27 at 5, ¶21.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); accord Kaplan v. Lebanese Canadian Bank, SAL, 999 F.3d 842, 854 (2d Cir. 2021). In reviewing such a motion, the Court "must accept as true all nonconclusory factual allegations in the complaint and draw all reasonable inferences in the Plaintiffs' favor." Kaplan, 999 F.3d at 854 (citations omitted).

"[W]hile this plausibility pleading standard is forgiving, it is not toothless. It does not require [the Court] to credit legal conclusions couched as factual allegations or naked assertions devoid of further factual enhancement." Mandala v. NTT Data, Inc., 975 F.3d 202, 207 (2d Cir. 2020) (citation and quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (citations and quotation marks omitted)

## III. **DISCUSSION**

Count Two of the Amended Complaint asserts a claim for FFCRA retaliation in violation of 29 U.S.C. §215(a)(3). See Doc. #27 at 6. Plaintiff alleges, in pertinent part: "At all times relevant, Defendant was and is a company with fewer than 500 employees subject to the [FFCRA], which itself comprises the Emergency Paid Sick Leave Act ('ESPLA') and the Emergency Family and Medical Leave Expansion Act ('EFMLEA')." Id. at 6-7, ¶29. Defendant asserts the Court should dismiss the Amended Complaint because: (1) plaintiff "did not seek sick leave under the EPSLA[;]" (2) "[p]laintiff cannot satisfy the elements of a claim under Section 5015 of the FFCRA[;]" and (3) "[p]laintiff has failed to allege any facts, beyond conclusory statements, in support of her claim that [defendant's] elimination of her position was a pretext for retaliation[.]" Doc. #32 at 2-3. Plaintiff responds that she has adequately alleged a violation of the FFCRA. See generally Doc. #33.

The Court begins with a brief overview of the FFCRA, which "obligates employers to offer sick leave and emergency family leave to employees who are unable to work because of the pandemic." New York v. United States Dep't of Lab., 477 F. Supp. 3d 1, 5 (S.D.N.Y. 2020). The EMFLEA and the EPSLA are "two major provisions of that law[.]" Id. Although offering somewhat similar relief, the EMFLEA and the EPSLA are different.

"[T]he EFMLEA entitles employees who are unable to work because they must care for a dependent child due to COVID-19 to paid leave for a term of several weeks. Formally, it is an amendment to the Family and Medical Leave Act ('FMLA')[.]" Id. (footnote and citations omitted).

The EPSLA, however, "requires covered employers to provide paid sick leave to employees with one of six qualifying COVID-19-related conditions[,]" including, inter alia, an employee "caring for a child whose school or place of care is closed, or whose childcare provider is unavailable, because of COVID-19[.]" Id. (footnote omitted); see also Gomes v. Steere House, 504 F. Supp. 3d 15, 18 (D.R.I. 2020) ("Importantly, only the EFMLEA amends the FMLA[.] The EPSLA, on the other hand, does not amend any existing statute, and its enforcement provisions are tied to the Fair Labor Standards Act, not the FMLA.").

Count Two of the Amended Complaint elides the differences between these two provisions of the FFCRA. For example, plaintiff alleges that she "was eligible for family leave and paid leave under the FFCRA." Doc. #27 at 7, ¶31. She also cites to provisions of both the FMLA and FLSA in Count Two, which serves to further blur the distinctions between the EMFLEA and the EPSLA. See id. at 7, ¶32; id. at 8, ¶37.

At this time the Court will not attempt to untangle plaintiff's FFCRA allegations given the current posture of the

case. Discovery is now closed and dispositive motions are due on October 14, 2022. See Doc. #45. Prudence suggests that this case is best resolved at summary judgment, when the parties can better articulate and clarify their arguments using evidence adduced during discovery.

Additionally, at this juncture any invitation for the filing of a Second Amended Complaint could potentially delay the resolution of this matter or further confuse the pleadings. Finally, because the current motion to dismiss does not seek dismissal of the entire Amended Complaint, this case will proceed to a resolution on the merits, with evidence relevant to both counts, regardless of whether or not the Court dismisses Count Two. Accordingly, the Court discerns no significant prejudice to defendant by allowing Count Two to proceed to a resolution on the merits given the current procedural posture of the case.

## IV. CONCLUSION

For the reasons stated, defendants' Motion to Dismiss [**Doc. #31**] is **DENIED**. Defendant may re-assert any arguments raised in the Motion to Dismiss at summary judgment.

It is so ordered at Bridgeport, Connecticut, this 27th day of July 2022.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
